IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **SIDNEY JAMES CLAYTON** )<br>)<br>  **Plaintiff,** )<br>)<br>**VS.** )<br>)<br>**J. C. GILES, et al.** )<br>)<br>  **Defendants.** ) | **CASE NO.: 2:06-CV-367-ID** |

## ANSWER AND SPECIAL REPORT

COMES NOW the Defendant, **J. C. Giles**, by and through the Honorable Troy King, Attorney General for the State of Alabama, and in accordance with this Honorable Court's Order of September 8, 2006, does hereby submit the following Answer and Special Report:

### PARTIES

1. The Plaintiff, Sidney James Clayton, is an Alabama Department of Corrections ("ADOC") inmate, who is presently incarcerated at the Red Eagle Honor Farm in Montgomery, Alabama.

2. Plaintiff has named the following Defendant:

   a) J. C. Giles, who is currently employed by ADOC as Warden III at Ventress Correctional Facility in Clayton, Alabama.

### DEFENDANT'S EXHIBITS

In accordance with this Court's Order, the Defendant submits the following exhibit:

Exhibit 1 – Affidavit of J. C. Giles

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that Warden J. C. Giles put him in an "unsafe environment by not stepping in and preventing said matter." Plaintiff states he, "never had a problem with my breathing" until he was exposed to [EST] over a period of time."[1]  "I told the administration that I developed [unintelligible but asthma makes sense] and I would to be put in an environment that I don't have to be subjected to second hand smoke out by force." "There is a lack of 'sprinkler systems' in the certain dorms."

In summary, Plaintiff alleges he has been forcefully exposed to second hand smoke and some dorms lack sprinkler systems.

## DEFENDANT'S RESPONSE

1. The Defendant denies that he violated the Plaintiff's constitutional rights.

2. The Defendant denies that he was deliberately indifferent to Plaintiff's welfare.

3. The Defendant denies each and every material allegation not specifically admitted herein and demands strict proof thereof.

4. The Plaintiff has failed to state a claim upon which relief may be granted.

5. The Defendant is immune from suit under the Eleventh Amendment to the United States Constitution.

6. The Defendant is immune from suit due to qualified immunity.

7. The Defendant is entitled to state agent immunity.

8. The Defendant is entitled to sovereign immunity under Article 1, § 14 of the Alabama Constitution (1901).

---

[1] The undersigned has encountered some difficulty in deciphering Plaintiff's writing and is quoting the complaint as accurately as he can.  It is unknown what "EST" stands for, but "ETS" stands for environmental tobacco smoke.

9.  Plaintiff lacks standing.

## FACTS

Ventress Correctional Facility has had a no smoking policy in its dorms and buildings for several years, and no one is allowed to smoke in these areas. If anyone is caught smoking in these areas, they are subject to disciplinary action. All smoking is done outside of dorms and buildings, and no one is forced to inhale second hand smoke.

Warden J. C. Giles has no medical training and has no knowledge of Plaintiff inmate's medical condition. Inmate Clayton has not made Warden Giles aware of any alleged particularized medical need concerning his breathing.

Ventress Correctional Facility has sprinkler systems and is in the process of adding additional sprinkler systems to the new additions.

## ARGUMENT

### SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp*

*v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of facts become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." [Citation omitted]. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.
> 898 F.2d at 1532.

**I. The Plaintiff's complaint also fails because he did not provide any evidence that the Defendant acted with deliberate indifference.**

A plaintiff making an Eighth Amendment claim must show that the defendant subjectively acted with deliberate indifference toward the plaintiff's welfare. *Wilson v Seiter*, 501 U.S. 294, 303 (1991). The Supreme Court has stated that the adoption of a no smoking policy "will bear heavily on the inquiry into deliberate indifference" in a secondhand smoke claim. *Helling v McKinley*, 509 U.S. 25, 36 (1993). In this case, ADOC has adopted and continues to enforce a no smoking policy. (Ex. 1, p. 2) While the Defendant may not be able to curtail every single instance of inmate smoking indoors, he has made his best effort to enforce the policy. (Ex. 1, p. 2) The Plaintiff has presented no evidence that would contradict these facts, and has presented no evidence to support

4

the mental state element of his claim that the Defendant was deliberately indifferent. In fact, the Plaintiff has cited no causal connection whatsoever between Defendant and his alleged injuries as is required to put the Defendant on notice of the actions of which he is accused. *Zalter v Wainright*, 802 F.2d 397, 401 (11th cir. 1986). Without this connection, the claim is due to be dismissed. Id.

**II. Defendant is entitled to immunity under the Eleventh Amendment to the United States Constitution and principles of qualified immunity.**

To the extent that the Defendant is sued in his official capacity, this case should also be dismissed because the Defendant is immune from suit. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment, therefore, not only bars suits against a state by citizens of another state, but also bars suits against a state by that state's own citizenry. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890).

The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." *Summit Medical Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a suit against the State; thus, Defendant is immune from suit under the Eleventh Amendment.

To the extent that the Defendant is sued in his individual capacity, he is protected by qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)); *Wilson, supra* (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also Pinkney v. Davis*, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity). The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Wilson*, 163 F.3d at 1295, *quoting Bell v. Wolfish*, 441 U.S. 520, 547, 99 S. Ct. 1861, 1878 (1979). As demonstrated in section I of this Special Report, the Defendant has not violated a clearly established right of the Plaintiff, and thus, he is entitled to qualified immunity.

**III. Plaintiff fails to state a cause of action upon which relief can be granted.**

Plaintiff appears to be claiming there is a constitutional violation and §1983 cause of action for an alleged shortage of sprinklers and a violation of the fire code. Plaintiff does not plead or otherwise enlighten the Court or the undersigned as to which "fire code" he is basing his claim. Plaintiff does not plead that he is located in an area of the prison without a sprinkler system as would be necessary to establish standing. Plaintiff's insufficient pleading is immaterial because federal case law is clear. In *Davis v Scherer*,

6

468 U.S. 183, 193-195 (1984), the Supreme Court made clear that a violation of a state statute or regulation does not create a §1983 claim nor defeat the officials' immunity. Thus, Plaintiff fails to state a claim for which relief can be granted.

## CONCLUSION

Based on the foregoing, the Defendant respectfully requests that this Honorable Court enter summary judgment in his favor.

Respectfully submitted on this the 18th day of October, 2006.

    /s/ Jeffery H. Long_____
JEFFERY H. LONG (LON015)
ASSISTANT ATTORNEY GENERAL
Counsel for the Defendant

OF COUNSEL:
OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL  36130
(334) 242-7555
(334) 242-2433 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this the 18th day of October, 2006, served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Sidney James Clayton, #224797
Red Eagle Honor Farm
1290 Red Eagle Road
Montgomery, AL 36110

    /s/  Jeffery H. Long_____
OF COUNSEL