IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SIDNEY JAMES CLAYTON, #224797, )<br>)<br>v.                                            )<br>)<br>)<br>J. C. GILES, et al.,                        )<br>)<br>Defendants.                            ) | CIVIL ACTION NO. 2:06-CV-367-ID<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 42 U.S.C. § 1983 complaint filed by Sidney James Clayton ["Clayton"], a state inmate, on April 24, 2006. The defendants filed written reports in compliance with the orders of this court in which they addressed Clayton's claims for relief. Specifically, the defendants submitted relevant evidentiary materials that refute the self-serving, conclusory allegations presented in the instant cause of action. The court thereafter issued an order directing Clayton to file a response to the written reports. *See Order of December 5, 2006 - Court Doc. No. 32*. The order advised Clayton that his failure to respond to the defendants' written reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Clayton for filing a response to this order expired on December 27, 2006. As of the present date,

Clayton has filed nothing in opposition to the defendants' written reports as required by the orders of this court. In light of the foregoing, the court concludes that this case should be dismissed.

The court has reviewed the file in this case to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action. Clayton is an indigent state inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Clayton has exhibited a lack of deference for this court and its authority as he has failed to comply with the directives of the orders entered in this case. It is therefore apparent that any additional effort by this court to secure Clayton's compliance would be unavailing. Moreover, the responses and undisputed evidentiary materials filed by the defendants indicate that Clayton is not entitled to any relief in this cause of action. Consequently, the court concludes that Clayton's abandonment of his claims, his failure to comply with the orders of this court and his failure to prosecute this cause of action warrant dismissal of this case.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that on or before January 31, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 19th day of January, 2007.

/s/ Wallace Capel  
WALLACE CAPEL  
UNITED STATES MAGISTRATE JUDGE